# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON IN SEATTLE

FILED
LODGED
ENTERED
RECEIVED

APR 06 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY, WESTERN DISTRICT OF WASHINGTON
DEPUTY

No Summons Issued Star89956

Sharon Elaine Burleson, Plaintiff

v.

CASE NO. _____

# 18-CV-00513 RSL

COMPLAINT FOR A CIVIL CASE

Jury Trial: Yes _____  No __X__

Security Properties Residential, LLC,
Defendant

Amy Simpson, Property Manager of
Security Properties Residential, LLC, Defendant

Jennifer Spagnola, AUM, Inc.
Defendant

AUM, Inc., Third Party Billing Company,
Defendant

Owners of AUM, Inc.:

Michael Miller, President and CEO,
Bob Malpasuto, Chief Financial Officer,
Dave Carpenter, Chief Strategy Officer,
Dan Witte, Executive Vice President,
Defendants

## I.   THE PARTIES TO THIS COMPLAINT

A.      Plaintiff(s)

-------------------------------------------------------------------------------------------------------

COMPLAINT FOR A CIVIL CASE - 1
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA  98118
206-476-3163

| | |
|---|---|
| Name: | Sharon Elaine Burleson |
| Street Address: | 4801 Rainier Avenue S., Apt. 629 |
| City and County: | Seattle, King County |
| State and Zip Code: | WA 98118 |
| Telephone Number: | 206-476-3163 |

B.    Defendants:

Defendant No. 1

Name:  Security Properties Residential, LLC

Job or Title (if known):  Multi-Family Real Estate Company

Principal Office Address:

Street Address:  1201 – 3rd Avenue, #5400

City and County:  Seattle, King County

State and Zip Code:  WA 98101

(Registered Agent Name: Security Properties, Inc)

701 Fifth Avenue, Suite #5700

Seattle, King County, WA 98104

Telephone Number: 206-622-9900

Defendant No. 2

AUM, Inc. (American Utility Management, Inc.)

Entity Name: MMWC Holdings, Inc.

Job or Title (if known):  Agent for Security Properties Residential, LLC, Licensed to Conduct Business in the city of Seattle and the State of Washington, as a Third Party Billing Company, under Title 7 Consumer Protection Laws of the Seattle Municipal Code 7.25: Third Party Billing Regulation

Street Address: P.O. Box 4957

---

City and County:  Oak Brook

State and Zip Code:  Illinois 60522

Telephone Number:  866-520-1245

P.O. Box 4957

Oakbrook, IL  60522

Defendant No. 3

Name:  Amy Simpson

Job or Title (if known):  Property Manager

Street Address:  Security Properties Residential, LLC

4801 Rainier Avenue S., Leasing Office

City and County:  Seattle, King County

State and Zip Code:  WA  98118

Telephone Number:  206-723-1843 or 206-457-2673

Defendant No. 4

Name:  Jennifer Spagnola, Contact Person, AUM, Inc.

Job or Title (if known):  Agent for Security Properties Residential, LLC, Licensed
to Conduct Business in the city of Seattle and the State of Washington, as a Third
Party Billing Company, under Title 7 Consumer Protection Laws of the Seattle
Municipal Code 7.25: Third Party Billing Regulation

Street Address:  P.O. Box 4957

City and County:  Oak Brook

State and Zip Code:  Illinois 60522

Telephone Number:  866-520-1245

Defendant No. 5

Name:  Michael Miller

---

Job or Title (if known):  Owner of AUM, Inc, President and CEO; Agent for Security Properties Residential, LLC, Licensed to Conduct Business in the city of Seattle and the State of Washington, as a Third Party Billing Company, under Title 7 Consumer Protection Laws of the Seattle Municipal Code 7.25: Third Party Billing Regulation

Street Address:  P.O. Box 4957

City and County:  Oakbrook,

State and Zip Code:  IL 60522

Telephone Number:  866-520-1245

Defendant No. 6

Name:  Bob Malpasuto

Job or Title (if known):  Owner of AUM, Inc., Chief Financial Officer; Agent for Security Properties Residential, LLC, Licensed to Conduct Business in the city of Seattle and the State of Washington, as a Third Party Billing Company, under Title 7 Consumer Protection Laws of the Seattle Municipal Code 7.25: Third Party Billing Regulation

Street Address:  P.O. Box 4957

City and County:  Oak Brook

State and Zip Code:  Illinois 60522

Telephone Number:  866-520-1245

Defendant No. 7

Name:  Dave Carpenter

Job or Title (if known):  Owner of AUM, Inc., Chief Strategy Officer; Agent for Security Properties Residential, LLC, Licensed to Conduct Business in the city of Seattle and the State of Washington, as a Third Party Billing Company, under

Title 7 Consumer Protection Laws of the Seattle Municipal Code 7.25: Third Party
Billing Regulation

Street Address:  P.O. Box 4957

City and County:  Oakbrook,

State and Zip Code:  IL 60522

Telephone Number:  866-520-1245

Defendant No. 8

Name:  Dan Witte

Job or Title (if known):  Owner of AUM, Inc., Executive Vice President; Agent for
Security Properties Residential, LLC, Licensed to Conduct Business in the city of
Seattle and the State of Washington, as a Third Party Billing Company, under
Title 7 Consumer Protection Laws of the Seattle Municipal Code 7.25: Third Party
Billing Regulation

Street Address:  P.O. Box 4957

City and County:  Oakbrook,

State and Zip Code:  IL 60522

Telephone Number:  866-520-1245

## II.    BASIS FOR JURISDICTION

COMES NOW, Sharon Elaine Burleson, Plaintiff, in the above-entitled

lawsuit, and under 28 U.S.C. § 1331, is a case arising under the United States

Constitution, or federal laws or treaties.

The basis for federal court jurisdiction is a:

____**X**____Federal question              _____ Diversity of citizenship

---

WHEREAS, this lawsuit is a Complaint against business entities, Security Properties Residential, LLC, and AUM, Inc, in addition to, the remaining, individually-named and, aforementioned, persons, as noted in the list of Defendants.

Security Properties Residential, LLC is a multi-family real estate company that rents and leases studio apartments and one and two bedroom apartments to individuals and families.

AUM, Inc. is an Agent acting on behalf of Security Properties Residential, LLC, as a Third Party Billing Company, which is governed by mandate of the Third Party Billing Regulation of Title VII under the Consumer Protection Laws of Seattle Municipal Ordinance 7.25

Both defendants Security Properties Residential, LLC, and AUM, Inc., are business entities, and are registered and licensed to conduct business on a regular and ongoing basis in the city of Seattle and state of Washington.

Mandate by the Third Party Billing Regulation of Title VII under the Consumer Protection Laws of Seattle Municipal Ordinance 7.25 require that, both, business entities, Security Properties Residential, LLC and AUM, Inc., must be registered and licensed to conduct business in the city of Seattle and state of Washington.

In addition, both business entities, Security Properties Residential, LLC, and AUM, Inc. are required to abide by and adhere to federal, state, and other local laws, which protect the civil rights of persons for whom they serve, directly or indirectly.

WHEREAS, the website, aum-inc.com, states that AUM, Inc. is comprised of an Ownership team of four (4) persons. These four (4) persons are named, individually,

as Defendants in this lawsuit as: (1) Michael Miller; President and Chief Executive Officer; (2) Bob Malpasuto, Chief Financial Officer; (3) Dave Carpenter, Chief Strategy Officer; (4) Dan Witte, Executive Vice President.

These four (4), individually, named Defendants are, also, governed by mandate of the Third Party Regulation of Title VII under the Consumer Protection Laws of Seattle Municipal Ordinance 7.25, and are required to register and license AUM, Inc., for purposes of, conducting business in the city of Seattle, and state of Washington.

Individually and together, each of the four named (4) Defendants, Mr. (s) Miller, Malpasuto, Carpenter, and Witte, must abide by and adhere to federal, state, and other local laws, which protect the civil rights of tenants who receive Third Party Billing Services from AUM, Inc.

WHEREAS, Amy Simpson is an employee of Security Properties Residential, LLC, and performs ongoing and regular duties and responsibilities as Property Manager.

As Property Manager, Ms. Simpson is responsible for conducting and operating the business of Security Properties Residential, LLC, in an equitable, fair, and proper manner.

In accordance with the Third Party Billing Regulation of Title VII under the Consumer Protection Laws of Seattle Municipal Ordinance 7.25, Ms. Simpson must abide by and adhere to the provisions of this mandate by ensuring that tenant disputes with the Third Party Billing Company, AUM, Inc., Agent for Security Properties Residential, LLC, is addressed and resolved in a timely and amicable manner.

--------------------------------------------------------------------------------

Ms. Simpson must, also, avoid adding on any late fees and charges to the tenants' bill, and avoid processing legal matters or notices to quit or eviction notices, when tenant billing disputes have not been resolved in a timely or amicable manner.

In addition to abiding by and adhering to the provisions of the Third Party Billing Regulation of Title VII under the Consumer Protection Laws of Seattle Municipal Ordinance 7.25, Ms. Simpson is responsible for ensuring that federal, state, and other local laws are adhered to and abided by, which protect the civil rights of tenants residing at Security Properties Residential, LLC.

WHEREAS, Jennifer Spagnola is an employee of AUM, Inc., and Contact Person and Agent for Security Properties Residential, LLC.

Ms. Spagnola is the contact person that Amy Simpson, Property Manager for Security Properties Residential, LLC, spoke with, in regards to, my utility billing disputes.

Ms. Spagnola is, also, the contact person that I, personally, spoke to and emailed in writing, concerning billing disputes and records requests.

Also, during the last year-and-a-half, my billing disputes were, either, forwarded verbally to Ms. Spagnola, via, direct communication with the Property Managers on duty With Security Properties Residential, LLC, as well as, and in written correspondence from me, using email and first-class mail.

In accordance with the Third Party Billing Regulation of Title VII under the Consumer Protection Laws of Seattle Municipal Ordinance 7.25, Ms. Spagnola must adhere to and abide by the provisions of this mandate by ensuring

---

COMPLAINT FOR A CIVIL CASE - 8
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA  98118
206-476-3163

that tenant billing disputes are addressed and resolved in a timely and amicable manner, and avoid adding on any late fees and charges on the tenant's bill until a timely and amicable resolution is made.

In addition to the provisions of the Third Party Billing Regulation of Title VII's Consumer Protection Laws of Seattle Municipal Ordinance 7.25, Ms. Spagnola is responsible for adhering to and abiding by federal, state, and other local laws, which protect the civil rights of tenants receiving Third Party Billing Services, and ensure that utility billing charges are calculated in an equitable, fair, and proper manner.

FURTHERMORE, a shared and mutual business relationship exist, between and amongst, Security Properties Residential, LLC, AUM, Inc, and the remaining individually-named and, aforementioned, Defendants, who are governed by mandate of the Third Party Billing Regulation of Title VII under the Consumer Protection Laws of the Seattle Municipal Ordinance 7.25, especially, to facilitate concerns of tenant billing issues and disputes, provide documentation of billing methodologies, records requests and, overall, ensure that billing methodologies are equitable, fair, and proper, as well as, ensure that tenant utility charges are calculated equitably, fairly, and properly.

MOREOVER, a shared and mutual business relationship exist, between and amongst, Security Properties Residential, LLC, AUM, Inc, and the remaining individually-named and, aforementioned, Defendants, all of whom are governed by mandate of the Third Party Billing Regulation of Title VII under the Consumer Protection Laws of Seattle Municipal Ordinance 7.25, as well as, a responsibility to comply with all federal, state, and local laws that protect the civil rights of tenants.

---

LIKEWISE, because a shared and mutual business relationship exist between and amongst the Defendants, by way of mandate of the Third Party Billing Regulation of Title VII under the Consumer Protection Laws of Seattle Municipal Ordinance 7.25, as well as, a responsibility to comply with all federal, state, and local laws that protect the rights of tenants, it is an undisputable fact that:

1) Security Properties Residential, LLC and AUM, Inc., are business entities, who are, individually, registered and licensed to conduct business in the city of Seattle and state of Washington.

2) Four (4) Defendants, are individually-named and identified as Owners of AUM, Inc.: (1) Michael Miller; President and Chief Executive Officer; (2) Bob Malpasuto, Chief Financial Officer; (3) Dave Carpenter, Chief Strategy Officer; (4) Dan Witte, Executive Vice President.  These individuals are responsible for registering and licensing AUM, Inc. as a Third Party Billing Company, for purposes of, conducting business in the city of Seattle and state of Washington;

3) Amy Simpson is an employee of Security Properties Residential, LLC, holding the job title as Property Manager, and is responsible for conducting the business matters of her employer, Security Properties Residential, LLC.  Relative to the agent status of AUM, Inc., Ms. Simpson is responsible for addressing, handling, and resolving tenant utility billing disputes in an equitable, fair, and proper manner; and

4) Jennifer Spagnola is an employee of AUM, Inc., and agent for Security Properties Residential, LLC.  Ms. Spagnola acts as Contact Person for Security Properties Residential, LLC.  Relative to AUM, Inc., Ms. Spagnola is responsible for

------------------------------------------------------------------------------------------------------------

conducting and handling the business matters of AUM, Inc. in an equitable, fair, and proper manner.

WHEREFORE, jurisdictional authority is established with the United States District Court for the Western District of Washington in the city of Seattle, because a shared and mutual business relationship exist, between and amongst, Security Properties Residential, LLC, AUM, Inc., and the remaining individually-named and, aforementioned, Defendants, who are all governed by mandate of the Third Party Billing Regulation of Title VII under the Consumer Protection Laws of the Seattle Municipal Code 7.25, in addition to, a responsibility to comply with federal, state, and other local laws that protects the civil rights of tenants.

## A.    If the Basis for Jurisdiction is a Federal Question:

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case:

1) Title 7 Consumer Protection Laws of the Seattle Municipal Code 7.25: Third Party Billing Regulation;

2) Fair Housing Act under Title VIII of the Civil Rights Act of 1968, regarding Discrimination based on race, color, religion, sex, disability, familial status, or national origin in the terms, conditions or privileges of sale or rental of a dwelling;

3) Title 49: RCW 49.60 - Washington Fair Housing Ordinance;

4) US Federal Trade Commission Act, 15 USC §§ 41-58, as amended. The Federal Trade Commission Act is the primary statute of the Commission. Under this Act, as amended, the Commission is empowered, among other things, to (a) prevent unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce; (b)seek monetary redress and other relief for conduct injurious to consumers; (c) prescribe rules defining with specificity acts or practices that are unfair or deceptive, and establishing requirements designed to prevent such acts or

---

practices; (d) gather and compile information and conduct investigations relating to the organization, business, practices, and management of entities engaged in commerce; and (e) make reports and legislative recommendations to Congress and the public;

5) Title 19: Chapter 19.86: RCW 19.86.020 – Washington State Consumer Protection Unfair Competition, Practices, Declared Unlawful;

   a) Title 19: Chapter 19.86: RCW 19.86.093 - Washington State Consumer Protection – Unfair or Deceptive Act or Practice – Claim Elements;

6) Clayton Act, 15 USC §§ 12-27, as amended, is authorized to prevent certain practices involving discriminatory pricing and product promotion; and

7) Violation of the Fifth Amendment - Due Process Clause.

## III.   STATEMENT OF CLAIM

I have been discriminated by Security Properties Residential, LLC, AUM, Inc., and all the remaining, aforementioned, Defendants, because of my race and disability.

I am an African-American female and have a left-side deficit.

By acts of willful deception, fraud, and malice Security Properties Residential, LLC, AUM, Inc., and the remaining, aforementioned, Defendants, discriminated against me by charging and billing me, excessive and inordinately, higher monthly rates for water, sewer, and trash services.

Systemically, Security Properties Residential, LLC, and AUM, Inc. perpetuated a disparaging and hostile living environment of inequality, malice, deception, fraud, and wantonness, and encouraged their employees and agent employees to adopt the same oppressive, deceptively fraudulent, and grossly unfair discriminatory business practices of charging and billing me for water, sewer, and trash rates, which are excessive and

inordinately calculated at higher rates.

My water, sewer, and trash bill is compiled and mailed to me by AUM, Inc.

Security Properties Residential, LLC's billing statements originates from Seattle Public Utilities (SPU), a municipal governmental entity, which provides water, sewer, and trash services to residential and commercial customers in the city of Seattle, King County, and some outlying areas of King County.

The billing statements from Seattle Public Utilities (SPU) to Security Properties, LLC, includes the total costs of water, sewer, and trash services that is provided to the apartment complex.  However, it is my understanding that, per apartment unit and retail tenants, submetering of these services to residential and retail tenants is compiled and maintained by Security Properties Residential, LLC.

Seattle Public Utilities (SPU) processes billing statements to residential and commercial customers on a 60-day cycle, which means that the due date of the bill is due for payment at 60-day intervals, or every other month.

As a Third Party Billing Company, AUM, Inc., acts on behalf of Security Properties, LLC as an agent, and processes individual billing statements for each residential and retail tenant.

However, AUM, Inc. processes billing statements to each residential and retail tenant on a 30-day cycle, which means that the due date of the bill is due on a monthly basis.

My billing disputes with Security Properties Residential, LLC and AUM, Inc., are based on the fact that my monthly bills are, excessively and inordinately, high and

---

unreasonable.

In copious conversations with the Property Managers and AUM, Inc. personnel, verbally and in written correspondence to them, I have always maintained, without fail, that my disputes are in regards to the monthly charges that appear on my monthly billing statement from AUM, Inc., as opposed to, usage, or consumption of water and sewer.

On September 17, 2016, I signed a 12-month Lease, **EXHIBIT #1**, with Angeline Apartments, now named Security Properties Residential, LLC, which is physically located at 4801 Rainier Avenue South, in Seattle, Washington.

My move-in date was on September 19, 2016.

I leased a one-bedroom apartment, at Apartment 629, which is located on the sixth floor of Angeline Apartments.

According to the apartment layout that is provided by Security Properties Residential, LLC, my apartment is 744 sq. ft.

I live alone in my one-bedroom apartment, and do not have any roommates.

The Lease amount was established at a rental rate of $1,875-per month. I, also, was required and paid a deposit of $1,875.00. Additionally, I was required to pay $600-deposit, and half of this amount, $300.00 is refundable. The other half, $300.00, is non-refundable.

From my understanding, Security Properties Residential, LLC is comprised of 173-to-193 apartment units, consisting of studio apartments, as well as, one-and-two bedroom apartments. The size of the units vary in square footage, ranging from 539

--------------------------------------------------------------------------------------------------------------------

COMPLAINT FOR A CIVIL CASE - 14
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA  98118
206-476-3163

sq. ft. to more than 1100 sq. ft. The number of occupants renting and leasing these apartments varies anywhere from one (1) to four (4) or more tenants, including pets.

Just a few months before my move into Security Properties apartments, PCC Community Markets, moved into the lower-level commercial retail space, located at 3610 South Edmunds Street.

PCC Community Markets is a grocery store.

In addition to selling regular staple products, canned goods, produce, etc., PCC Community Markets sells a large variety of deli foods to an influx of customers on a daily basis. From my observation, these deli foods are prepared by a sizable number of employees. Preparation of these deli foods takes place behind the counters in the kitchen areas of the business.

PCC Community Markets is opened 7-days a week, from 6am to 11pm.

From my observation, PCC Community Markets consumes a lot of water on a daily basis to prepare a large assortment and variety of deli foods.

About one-or-two months after my move into Security Properties Residential, LLC, a pet store named All the Best Pet Care, leased the adjacent lower-level commercial space, located at 4805 Rainier Avenue South.

I am uncertain of their water usage, but to the best of my knowledge, All the Best Pet Care does not provide grooming services for its pet owners.

As stated earlier, Security Properties Residential, LLC was, initially, named Angeline Apartments, and was built in 2013.

Angeline Apartments, now named Security Properties Residential, LLC, is located

in Columbia City, in the Southeast portion of Seattle.

Columbia City has gone through an extensive gentrification process since the early part of the decade, causing an imbalance of displaced residents who lack the income that is needed to live, comfortably, in a newer, revitalized environment as Security Properties Residential, LLC.

Often, cultural biases, which are tagged as gentrified environments, such as Security Properties Residential, LLC, mirrors the larger persuasions endemic in today's political arena of prejudice, unfairness, racial slurs, and innuendoes. Consequently, as a people-of-color, I find that instead of cultural diversity, we are met with the same indifference of cultural biases.

My Lease contract states that I pay for water and sewer for the "Leased Premises," where I reside.

My Lease contract, however, does not state that my water and sewer billing will be calculated based on the, "Ratio Utility Billing System (RUBS)" or, on an Allocation method for billing, referred to as "Hot Water Ratio (HWR)."

"Ratio Utility Billing System" (RUBS) and the "Hot Water Ratio" (HWR) are billing systems, which are utilized by AUM, Inc. to compute my water, sewer, and trash services, which is based on my consumption or usage of water and sewer.

At the time that I signed my Lease in September of 2016, I did make inquiry of the costs for water and sewer that I would have to pay, in addition to, my monthly rent.

I made this inquiry with the former Property Manager, Joyce Nguyen, whom

---

COMPLAINT FOR A CIVIL CASE - 16
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA  98118
206-476-3163

stated that these costs usually ran around $40.00-per month.  Ms. Nguyen, however, qualified that statement saying that, lately, while some tenants noticed an excessive increase in their water and sewer bills, many others did not see a change at all.

At no time did Ms. Nguyen indicate, explicitly or implicitly, that water and sewer charges were calculated using the Ratio Utility Billing System (RUBS).  Also, this information is not recorded on my Lease agreement. *(Exhibit #1, ibid)*

Tenants, I met in passing who were upset with an abnormal increase in their water and sewer billing seemed to be younger parents with infant and toddler age children.

Ms. Nguyen, however, advised me to bring my bill to her should such a factor arise concerning inordinate and excessive billing charges for sewer and water.

My average water and sewer consumption or usage usually ranges from 200-to-250-gallons-per-month.

Attached to this Complaint is **EXHIBIT #2 (Item #1-of-16 to #16-of-16)**, consisting of sixteen (16) Billing Statements generated by Velocity, and AUM, Inc., Third Party Billing Companies, and Agents for Security Properties Residential, LLC

Monthly Billing Statements from *Exhibit #2, ibid*, ranges in time from September 19, 2016 to March 1, 2018.

Documentation from the billing statements reflects the fact that my average water and sewer consumption per month is, approximately, 230-gallons per month,. In contrast, though, the billing charges in each of the month's billing statements are not within the same range of the other, but instead, each is ambiguously and excessively

-------------------------------------------------------------------------------------------------------------------

COMPLAINT FOR A CIVIL CASE - 17
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA  98118
206-476-3163

higher.

The ambiguity as seen in Velocity and AUM, Inc.'s billing charges suggests that the billing rates are calculated by the willful, fraudulent, and deceptive intent of the Third Party Billing Companies, as opposed to a formula that is equitable, fair, and proper.

In January of 2017, Velocity, the Third-Party Billing Company was replaced with AUM, Inc.

During my initial inquiry into Velocity's billing practices, I made several written records requests because of the unusually excessive and, inordinately, high billing charges.

However, my written requests unearthed the fact that Velocity, a Third Party Billing Company, was in violation of Title 7: Consumer Protection Laws of the Seattle Municipal Code 7.25.040(A)(5): Licensing of Third Party Billing Agents, because they were not *"properly registered and licensed to do business in the State of Washington and City of Seattle."*

In May of 2017, AUM, Inc. replaced Velocity.

In October of 2017, Angeline Apartments changed its name to Security Properties, LLC.

As with Velocity, I made several records requests in writing to AUM, Inc.

I requested Seattle Public Utilities' (SPU) billing statements from 2015, dating back from to the time that PCC Grocery Store, and later, All the Best Pet Store became retail tenants at Security Properties Residential, LLC.

---

For this same period, I, also, requested redacted billing records of tenants occupying apartments at Security Properties Residential, LLC, as well as, redacted billing records of PCC Grocery Store and All the Best Pet Store.

Since some tenants have maintained that their water, sewer, and trash bill are included in their rent, I, also, made records requests of the number of tenants that did not receive billing statements from the Third Party Billing Companies during the time in question.

Both, Velocity and AUM, Inc. have been, largely, uncooperative and have not provided me with most of the record requests related to the billing statements, which Security Properties Residential, LLC has received from Seattle Public Utilities (SPU).

However, during the time of Wilson Cancino's tenure as Property Manager, he provided me with one (1) Seattle Public Utilities (SPU) billing statement for Security Properties Residential, LLC.

Also, Amy Simpson, currently, Property Manager for Security Properties Residential, LLC, provided me with three (3) original Billing Statements, which were originated from Seattle Public Utilities (SPU), but has been uncooperative in providing all SPU-generated billing statements for the last two (2) years.

In May of 2017, AUM, Inc. provided me with leaflet, **EXHIBIT #3**, labeled as "Allocation – Hot Water Ratio (HWR).

Yet, even the Hot Water Ratio (HWR) Allocation as described in the leaflet (*Exhibit #3(ibid)* contradicts the calculations for water and sewer rates and final charges as reflected in the sixteen (16) billing statements, per *Exhibit #2(ibid)*.

---

As illustrated in the "Generic Example" that is provided in "Allocation – Hot Water Ratio (HWR) of *Exhibit #3(ibid)*, the ratio, which is used for calculating the water ratio is 0.4936%, which should be the same for calculating the sewer ratio.

However, the ratios used for calculating my water and sewer are not the same, but different and varying, as shown in each of the sixteen (16) billing statements, per *Exhibit #2(ibid)*.

Seattle Public Utilities' (SPU) website, www.seattle.gov/utilities, maintains that the city still charges less than a penny-per-gallon, and according to the (SPU) website, my water and sewer usage is within the normal parameters of household usage.

Based on the billing statements that Seattle Public Utilities (SPU) generates and bills to Security Properties Residential, via, AUM, Inc., **EXHIBIT #4**, usage rates are calculated at a Summer Commercial Rate $6.54-per cubic (CCF), and a Winter Commercial Rate of $5.15-per cubic feet (CCF) for water, and $12.93-per cubic feet (CCF) for sewer.

Please understand that billing statements from Seattle Public Utilities (SPU) to customers, inclusive, of Security Properties Residential, LLC, in all instances, reflects water and sewer consumption, separately, in gallons, as well as, in cubic feet (CCF). However, actual billing charges are calculated based on cubic feet (CCF) of, either, the Summer Commercial rate $6.54-per CCF, or the Winter Commercial rate of $5.15-per CCF, and a Sewer rate of $12.93- per CCF.

Seattle Public Utilities (SPU) interprets a cubic feet (CCF) as 100-CCF, which is interpreted by them as 748-gallons.

---

COMPLAINT FOR A CIVIL CASE - 20
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA 98118
206-476-3163

Additionally, Seattle Public Utilities (SPU) bills all of its customers, inclusive, of Security Properties Residential, LLC, at 60-day intervals, which means that payment is due every-other-month.

In contrast, Velocity and AUM, Inc., bills me at 30-day intervals, or on a monthly basis.

By billing me at 30-day intervals, or on a monthly basis, means that, both, Velocity and AUM, Inc. are collecting account receivable utility payments in excess of Seattle Public Utilities' (SPU) billed charges to Security Properties Residential, LLC, which is due at 60-day intervals.

Title VII of the Consumer Protections Laws of Seattle Municipal Code 7.25.040(4): Limitations on Charges, prohibits Third Party Billing Companies from billing tenants an amount that, cumulatively, for all tenants is more than the total Seattle Public Utilities (SPU) bill for the entire apartment building.

Security Properties Residential, LLC, and AUM, Inc. justifies charging me excessive and inordinately high charges by maintaining that the consumption levels for water and sewer are translated into thousands rather than gallons.

In a meeting with Amy Simpson, Property Manager for Security Properties Residential, LLC, she stated that AUM, Inc. translates gallon-usage to thousands-of-gallons, which means that 196-gallons of usage for water and sewer is, actually, calculated as 1,960-gallons for water, and 1,960-gallons for sewer.

--------------------------------------------------------------------------------

Even given this reasoning, AUM, Inc.'s billed amount to me using thousands-of-gallons are still far more excessive than the actual amount that I should be billed, especially, in light the "Generic Example," which is provided in AUM, Inc.'s "Allocation – Hot Water Ratio (HWR), as depicted in *Exhibit #3(ibid)*.

When I questioned Ms. Simpson about the reasons for being billed higher utility charges given her translation of gallons, and asked her to provide me with documentation on how my bill was calculated, she emailed me on February 7, 2018, stating, *"Upon review of the Seattle Municipal Code 7.25, it states that we are required to supply the billing methodology used and how it works, but it is not required for us to supply the actual calculation for each metered resident each month."*

Contrary to Ms. Simpson's statement, Title 7: Consumer Protection Laws, as governed by Seattle Municipal Code 7.25.040(A)(2-4), requires that Third Party Billing Companies supply this information when requested.

Because Security Properties Residential, LLC, AUM, Inc., and Ms. Simpson have refused to provide me with the records requests of billing statements from Seattle Public Utilities (SPU), I am unable to accurately calculate my billing.

Mathematically, by using Seattle Public Utilities' (SPU) Summer Commercial rates of $6.54-per cubic feet (CCF), Winter Commercial rates of $5.15-per cubic feet (CCF) for water, and $12.93-per cubic feet (CCF) for sewer, my usage would be interpreted as 2.62-cubic feet (CCF) consumption for water,  and 2.62-cubic feet (CCF) consumption for sewer.

This would mean that my usage level is close to three (3) times the equivalent of a cubic feet (CCF), or three (3) times the equivalent of 748-gallons for water and 748-

------------------------------------------------------------------------------------------------------------------

gallons for sewer.

Based on the water and sewer rates of Seattle Public Utilities' (SPU), my billing charges for water and sewer, respectively, would then be$19.62, plus $38.79, a combined total of $58.41, exclusive, of the costs for trash and administrative expenses.

(The sum of 2.62-cubic feet (CCF) was computed by dividing 1,960-gallons by 748-gallons). As stated earlier, 748-gallons is equal to one (1) cubic feet (CCF, as presented in the copy of Seattle Public Utilities' (SPU) statement, *Exhibit #4(ibid)*.

The chart labeled as, **Exhibit #5,** references *Exhibit 2(ibid)*, which represents AUM, Inc.'s, excessive monthly utility charges that have been billed to me in the last sixteen (16) billing cycles. *Exhibit #5(ibid)* depicts monthly statements of utility charges, peradventure, AUM, Inc. had billed me, at 60-day intervals, in accordance with Seattle Public Utilities' (SPU) last eight (8) billing cycles, beginning in August of 2016.

While Security Properties Residential, LLC, and AUM, Inc. charges me an excessive, inordinate, and unreasonable amount for water and sewer, their discriminatory and retaliatory actions have been more than a slap in the face to me when the maintenance staff use an unlimited amount of water to wash down the outside lamp post, or when power washing the sidewalks, or when power washing the exterior of the apartment building, inclusive, of the parking garage, and when watering the rooftop and second-floor garden plants.

I have, also, witnessed and taken pictures of water leaking, uncontrollably and unsupervised, from the water pipe just in front of the apartment building.

In September of 2017, I renewed my lease with Wilson Cancino, Property

--------------------------------------------------------------------------------

Manager of Security Properties Residential, LLC.

During Mr. Cancino's tenure as Property Manager, I brought to his attention an ongoing problem of young boys and adult men who unlawfully entered my apartment by climbing down from the 6th-floor rooftop onto my balcony, and entering my apartment from the balcony door.

The young boys reside at Security Properties Residential, LLC, and the adult men are tenants at Security Properties Residential, LLC, as well.

I gave Mr. Cancino the name of one of the boys, Henry, whose father lived just two (2) doors down from me.  Henry and the other boys range in age from 12-to-14-years old.

According to the Lease Contract, parents are not permitted to allow children under the age of 15-years old to roam around the apartment complex, and behavior as such is considered a violation, in terms of the Lease, and grounds for eviction.

In one conversation with Mr. Cancino, I described these boys as, *Tom Sawyer and the Huckleberry Finn gang*, a name that is given by many African-Americans to full-fledged members of white supremacy groups.

Also, because of his brazen and copious attempts to unlawfully enter my apartment, at most times while I was showering or bathing, I surnamed Henry and his friends, *the young Ted Bundys*.

I live on the sixth-floor of Security Properties Residential, LLC, and a structural opening just above my balcony was left uncovered.  Just about 10-feet away from the

---

outside balcony is an adjoining rooftop that covers my bedroom ceiling.

The balcony door to my apartment was forced opened, vandalized, and had to be repaired on three (3) different occasions.

Upon unlawfully entering my apartment from the balcony, these boys would rummage through my personal property, tamper with my food, steal medication, and urinate in the top-bowl of the toilet stool.

Over the course of 18-months, I have had to throw out food, which these individuals had tampered with when in my apartment.

In October of 2016, one (1) month after my move into Angeline Apartments, one or more of the boys, unlawfully, entered my apartment and pilfered the username, password, and barcode that is labeled on the cable modem.

Pilfering the username, password, and barcode from the cable modem allowed them to commit cybercrime of, unlawfully, using my internet service, and steal proprietary information, such as, information regarding my publications, personal data, records, and family photos.

This personal property was stored in my email addresses, folders, and computer applications.

From my understanding, these boys attempted to sell my username, password, and barcode information to other tenants in the building.

I alerted Mr. Cancino to the fact that the fact pilfering this information is reasons for cybercrimes as Ransomware, and often results in other notable criminal activity of bullying, extortion, rape, and physical assaults.

---

COMPLAINT FOR A CIVIL CASE - 25
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA  98118
206-476-3163

I brought this matter to Mr. Cancino's attention, and at that time, I felt assured to he would thoroughly investigate the matter.

However, the same unlawful entries and vandalisms, cybercrimes, and thefts continued.

Over a nine (9) month period, I made complaints to Mr. Cancino about this matter, but to no avail.

Also, over this same time, I made ongoing and written disputes concerning the billing charges from, both, Velocity and AUM, Inc.

On several occasions, I asked Mr. Cancino whether he had talked to the boys' father and mother, which is a breach of their Lease contract obligations, not mine.

Instead, Mr. Cancino offered me a month-to-month rental rate of $1,875.00, stating that there would not be an increase in my rent.

I, however, advised Mr. Cancino that, of course, I would accept a month-to-month contract for $1,875.00 per month, but such an offer would not prevent me from filing a lawsuit against Security Properties Residential, LLC for allowing and doing nothing about the vagrant behavior of Henry and his friends.

I, also, advised Mr. Cancino that a month-to-month rental contract of $1,875.00 per month would not prevent me from filing a civil lawsuit in court because it was evident that, both, unlawful entries into my apartment and the discriminatory billing from the former Third Party Billing Company, Velocity, and the current biller, AUM, Inc., was indicative of ongoing discrimination, harassment, and creating a hostile living environment.

---------------------------------------------------------------------------------------------------------------

Prior to signing the month-to-month contract with Mr. Cancino, I had telephoned Security Properties Residential, LLC, to discuss the matter of ongoing vandalisms to my apartment, as well as, my ongoing disputes with its Third Party Billing Company, AUM, Inc., I left a message with Sarah, Receptionist, requesting that one of the executives return my telephone call.

However, none of the executive members from Security Properties Residential, LLC contacted me to address the structural opening that allowed these boys to climb down onto my balcony and, unlawfully, enter my apartment.

Nor did any of the executive members from Security Properties Residential, LLC attempt to contact me concerning the past and present problems with the Third Party Billing Companies, Velocity and AUM, Inc.

Mr. Cancino was replaced with Amy Simpson, as Property Manager of Security Properties, LLC.

Upon her arrival, I immediately advised Ms. Simpson of my ongoing billing disputes with AUM, Inc.

I, also, discussed ongoing and unresolved problems with Henry and his friends who continued to, unlawfully, enter my apartment by accessing the opening on the rooftop and climbing down onto my balcony.

In my conversations with Ms. Simpson that related to the Third Party Billing Company, AUM, Inc.'s billing practices of charging me excessively and unreasonable utility rates, I pointed out, again and again, Seattle Municipal Code 7.25, and asked that

she read through it in its entirety.

I expressed concern that AUM, Inc. was not following the city ordinance protocol for billing tenants.

I advised Ms. Simpson that AUM, Inc.'s billing charges to me alone were, at 30-day intervals, proportionately, more excessive than Seattle Public Utilities' (SPU) total billed amount to Security Properties Residential, LLC occurring at 60-day intervals.

In addition, I expressed concern that I was not able to calculate my usage since Security Properties Residential, LLC, and AUM, Inc., refused to provide me with the billing statements, which were generated from Seattle Public Utilities (SPU).

In addition, I advised Ms. Simpson that due to their refusal to provide me with the billing statements and other record requests, I would withhold my utility payment to AUM, Inc. because of my ongoing dispute regarding the excessive and unreasonable utility charges.

During the last nine (9) months or more, I, also, expressed the same concerns to Jennifer Spagnola, contact person and employee for AUM, Inc., and requested that she, as well as, the legal department of AUM, Inc., and Security Properties Residential, LLC, read through the entirety of Seattle Municipal Code 7.25 because it was evident that their business practices were in violation of the municipal ordinance.

In short, I advised both, Ms. Spagnola and Ms. Simpson, that the tenant usage, cumulatively, was already computed into the bill that was generated from Seattle Public Utilities (SPU), which meant that tenant costs for water and sewer is to be computed based on, per cubic feet (CCF) of usage, as opposed to thousands-of-gallons.

---

COMPLAINT FOR A CIVIL CASE - 28
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA 98118
206-476-3163

In conversations with both, Amy Simpson and Jennifer Spagnola, I expressed the fact that I felt I was being discriminated because the monthly billing from AUM, Inc., as well as, from the previous Third Party Billing Company, Velocity, were not only excessively high, but also, well beyond the billing rates that Seattle Public Utilities (SPU) charges, at 60-day intervals, and inconsistent with Seattle Municipal Code 7.25.

On February 7, 2018, Amy Simpson, Property Manager for Security Properties, LLC mailed to me, **EXHIBIT #6**, a 10-DAY NOTICE TO COMPLY WITH LEASE OR QUIT PREMISES.

The 10-Day Notice indicated that I violated the provisions, rules, and regulations of the Lease Contract Section 7: Utilities, and Utilities and Services Addendum.

Even though I was still disputing AUM, Inc. billing charges, Ms. Simpson ignored this fact, and issued the 10-Day Notice.

I, however, paid the amount indicated on the 10-Day Notice of $137.86, and advised Ms. Simpson that the 10-Day Notice to Evict is a violation of the Seattle Municipal Code mandate, which is governed under Title VII – Consumer Protection Laws.

At the time that I received the 10-Day Notice, I had come down with a cold, with flu-like symptoms, and was not able to file this complaint in the US District Court

I have received another bill from AUM, Inc., totaling $151.42, for the billing cycle from January 1, 2018 to January 31, 2018. The Summary of Usage indicates that I consumed 196-gallons for water and 196-gallons for sewer.

Since I was not able to file this Complaint with the US District Court prior to

---

COMPLAINT FOR A CIVIL CASE - 29
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA  98118
206-476-3163

March 3, 2018, I thought it feasible to pay the full amount of $151.42, as a concerted effort of "good faith," and to avoid ongoing antagonistic behavior from employees and agents, who are employed with Security Properties Residential, LLC.

I have since received another utility bill from AUM, Inc. in the amount of $172.18, *(Exhibit 2, 16-of-16)*. However, I will withhold this payment, and set forth a Motion and Order for Injunctive Relief from the Court to prevent Security Properties Residential, LLC from posting, filing, and attempting to process Notices to Quit and Evict until this matter is resolved by Order of the Court.

Security Properties Residential, LLC, and AUM, Inc., failed to, amicably, resolve my billing disputes with them in "good faith" and in a timely-manner, and waited until the eleventh hour to inform me that they would not comply with my records requests.

Security Properties Residential, LLC, and AUM, Inc., and the remaining, aforementioned, Defendants, have resorted to the business practice of using brazen, cavalier, and careless methods of retaliation against me by posting the 10-Day Notice.

As such, actions by these Defendants have escalated an already hostile living environment of racism and persecution, which has caused an unfair hardship and burden to me.

### IV.   RELIEF

The wrongs of discrimination because of my race and disability that Security Properties, LLC, AUM, Inc., and all of the remaining, aforementioned, Defendants, have perpetrated against me are business practices, which are continuing and ongoing, and

--------------------------------------------------------------------------------

are wantonly and grossly unfair, willfully inequitable, malicious, oppressive, and represent deceptive and fraudulent billing practices, and such actions are against Title VIII of the Civil Rights Act of 1968, as well as, et. al. local, state, and federal laws that protect the civil rights of individuals.

Security Properties Residential, LLC, Velocity, AUM, Inc., and the remaining, aforementioned, Defendants are responsible for, egregiously, billing me for excessive and inequitable utility rates, which is endemic of their willful, malicious, oppressive, and inequitable business practices.

As such, I am seeking the following relief because the Defendants, knowingly, and with willful intent and malice, discriminated against me because of my race and disability, and retaliated against me by attempting to:

- Fraudulently, deceptively, and unjustly extort excessive and inordinate amounts of money from me;

- Threatened the comfort of my livelihood by deceptively serving a warrantless eviction notice against me, which is against Title 7: Consumer Protection Laws that govern Seattle Municipal Code 7.25; and as noted herein;

- Violated federal and state laws, which protect me from deceptive, fraudulent, and unfair and unjust business practices.

**WHEREFORE**, Plaintiff is seeking the following relief from the Court:

A. Punitive Damages of $2.5-Million Dollars (Two-and-a-half million dollars);

---

B. Injunctive Relief to prevent eviction when Tenant billing disputes, in regards to, excessive and inordinate billing charges are not reasonably and amicably resolved, as set forth below in "C" through "E":

C. Require the following to ensure that a monetary profit is not tendered by the Defendants named herein, and to establish, enforce, and implement uniform business practices, which are fair and equitable, and non-discriminatory for all Tenants:

    i. Require that Security Properties Residential, LLC, AUM, Inc. or if applicable, Third Party Billing Company, establish, enforce, and implement billing rates for water, sewer, and trash, which are already set forth by Seattle Public Utilities (SPU); and

    ii. Require that Security Properties Residential, LLC, AUM, Inc. or if applicable, Third Party Billing Company, establish,  enforce, and implement the same 60-day billing cycle, as set forth and in accordance with, Seattle Public Utilities' (SPU) 60-day billing cycle, to include, Off-Peak and Peak Usage rates, which is computed as:

        a) 100-cubic feet (CCF) of usage, equivalent to 748-gallons, and billed accordingly, at a Summertime Commercial rate of $6.54-per cubic feet (CCF) for water; a Winter Commercial rate of $5.15-per CCF for water, and $12.93-per CCF for sewer services; or billed in accordance with Seattle Public Utilities' (SPU) Off-Peak and Peak Usage rates and schedules.

D. To ensure that a monetary profit is not tendered by the Defendants named herein, and to establish uniform business practices, which are fair and equitable, and non-discriminatory for all Tenants:

-------------------------------------------------------------------------------------------------------

COMPLAINT FOR A CIVIL CASE - 32
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA  98118
206-476-3163

i.   Require that Security Properties Residential, LLC, AUM, Inc. or if applicable, Third Party Billing Company, establish, enforce and implement billing rates for trash or Solid Waste Services, which is divided equally amongst the Tenants, based on the total costs that is billed from Seattle Public Utilities (SPU); and

ii.   Require that Retail Tenants of Security Properties Residential, LLC, pay utility services for water, sewer, and trash based on their own usage, and at the current Seattle Public Utilities (SPU) rates as defined in "C(ii)(a)" above;

E.  To ensure that a monetary profit is not tendered by the Defendants named herein, and to establish uniform business practices, which are fair and equitable, and non-discriminatory for all Tenants:

i.   Require that Security Properties Residential, LLC, AUM, Inc. or if applicable, Third Party Billing Company, establish, enforce, and implement separate billing charges for water and sewer consumption that Security Properties Residential, LLC, alone, incurs in the daily maintenance of the apartment building, as performed by its maintenance staff and agents, and which is computed, separately, by deducting the costs for water, sewer, and trash services against the total, which is billed to Residential Tenants, exclusive, of the usage charges that is incurred from the Retail Tenants.

## V.   CERTIFICATION AND CLOSING

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to, cause unnecessary delay, or needlessly increase the

---

COMPLAINT FOR A CIVIL CASE - 33
Sharon Elaine Burleson, Plaintiff
4801 Rainier Avenue S., #629
Seattle, WA  98118
206-476-3163

cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: *Friday, April 6, 2018*

Signature of Plaintiff *Sharon Burleson*

Printed Name of Plaintiff *SHARON E. BURLESON*

---