1

2

3

4

5     UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
6                   AT SEATTLE

7  SHARON ELAINE BURLESON,

8                    Plaintiff,              CASE NO.  C18-0513RSL

9         v.

10                                           ORDER REGARDING
   SECURITY PROPERTIES                       PENDING MOTIONS
11 RESIDENTIAL, LLC, *et al.*,

12                   Defendants.

13

14
          Currently pending before the Court are five motions:
15
          (1) Defendants Security Properties Residential, LLC, and Amy Simpson's motion
16
   to dismiss plaintiff's original complaint (Dkt. # 26);
17
          (2) Defendants Dave Carpenter, Jennifer Spagnola, and Dan Witte's motion to
18
   dismiss plaintiff's original complaint (Dkt. # 31);
19
          (3) Plaintiff's motion for an extension of time in which to respond to those two
20
   motions to dismiss (Dkt. # 32);
21
          (4) Plaintiff's motion for leave to file a second amended complaint (Dkt. # 35);
22
   and
23
          (5) Defendants American Utility Management, Inc., Michael Miller, and Bob
24
   Malpasuto's motion to dismiss plaintiff's original complaint (Dkt. # 36).
25
   All three pending motions to dismiss are aimed to some extent at the allegations of
26

   ORDER REGARDING PENDING MOTIONS

plaintiff's original complaint.[1]

Reading plaintiff's original and amended complaints together, many of the claims she has asserted are deficient. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's factual assertions do not support some of her claims for relief, however, because they do not give rise to a plausible inference of liability on the part of one or more defendants. For example, plaintiff has not alleged an antitrust injury for purposes of her Clayton Act claim and has not alleged state action for purposes of a Fifth Amendment/Section 1983 claim. With regards to claims arising under landlord/tenant or anti-discrimination laws, the allegations against certain defendants are vague and/or non-existent. A defendant should not have to guess what acts he or she is supposed to have committed and how those acts relate to, much less establish, a violation. It is plaintiff's burden to allege facts giving rise to a plausible inference that she is entitled to relief from each defendant.

Because a more definite statement of the claims is necessary, plaintiff's motion for leave to file a second amended complaint (Dkt. # 35) and Security Properties and Simpson's alternative request for a more definite statement (Dkt. # 26 at 7-8) are GRANTED. **Plaintiff shall, within thirty days of the date of this order, file a second amended complaint in the above-captioned matter.** The amended pleading must clearly and concisely identify the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing specific facts – the who, what, when, why, and where – that give rise to a reasonable inference that plaintiff has a plausible claim to relief under each legal theory asserted against each defendant.

The amended complaint will replace the existing complaint in its entirety.

---

[1] The one exception, discussed below, is the personal jurisdiction challenges raised by defendants Spagnola, Carpenter, Witte, Miller, and Malpasuto.

Plaintiff may not, as she has done in the past, submit an amended pleading that supplements or adds to an existing complaint. The new complaint must be able to stand on its own and must contain all relevant factual allegations and claims. The Court will not refer to or consider prior versions of the complaint once the second amended pleading is filed.

Many of the arguments and requests for relief raised in defendants' motions to dismiss may be mooted by the filing of a second amended complaint. The motions (Dkt. # 26, # 31, and # 36) are therefore DENIED without prejudice to the extent they seek dismissal under Fed. R. Civ. P. 12(b)(1) or 12(b)(6). The challenges to this Court's power to exercise personal jurisdiction over defendants Spagnola, Carpenter, Witte, Miller, and Malpasuto can be decided as a matter of fact, however, independent of the allegations of the complaint, and may therefore be decided at this juncture. **Plaintiff shall have until Monday, July 30, 2018, to respond to the personal jurisdiction arguments raised by Spagnola, Carpenter, and Witte (Dkt. # 31 at 10-14) and by Miller and Malpasuto (Dkt. # 36 at 6-13).** Plaintiff's motion for an extension of time (Dkt. # 32) is GRANTED in part to provide additional time in which to respond to the personal jurisdiction arguments. The Clerk of Court is directed to renote Dkt. # 31 and Dkt. # 36 (personal jurisdiction issues only) on the Court's calendar for Friday, August 3, 2018.

For all of the foregoing reasons, Dkt. # 26 is GRANTED in part (as to the request for more definite statement) and DENIED in part (as to the Rule 12(b)(1) and (6) motions); Dkt. # 31 and Dkt. # 36 are DENIED in part (as to the Rule 12(b)(6) motions) and renoted (as to the Rule 12(b)(2) motions); and Dkt. # 32 and Dkt. # 35 are GRANTED. Plaintiff shall respond to defendants' personal jurisdiction arguments on or before July 30th and shall file her second amended complaint within thirty days of the

ORDER REGARDING PENDING MOTIONS

date of this order. A failure to timely file an amended complaint that asserts plausible claims for relief against each named defendant will result in dismissal of the defective claims.

Dated this 9th day of July, 2018.

Robert S. Lasnik
United States District Judge