UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARON ELAINE BURLESON,

Plaintiff,

v.

SECURITY PROPERTIES
RESIDENTIAL, LLC, *et al.*,

Defendants.

CASE NO. C18-0513RSL

ORDER GRANTING
EXTENSION OF TIME IN
WHICH TO FILE SECOND
AMENDED COMPLAINT
AND DENYING MOTION TO
CONTINUE
JURISDICTIONAL MOTIONS

Currently pending before the Court are two motions to dismiss challenging this Court's power to exercise personal jurisdiction over defendants Spagnola, Carpenter, Witte, Miller, and Malpasuto. Dkt. # 31 at 10-14 and Dkt. # 36 at 6-13. Plaintiff previously requested leave to amend her complaint in response to defendants' motions to dismiss. The Court found that defendants' arguments based on Rule 12(b)(1) and Rule 12(b)(6) might be remedied by an amended pleading and gave plaintiff until August 8, 2018, to file a second amended complaint that replaced prior pleadings and provided specific facts – the who, what, when, why, and where – regarding each defendant's conduct that gave rise to liability. Plaintiff was advised, however, that the personal jurisdiction issues "can be decided as a matter of fact . . . independent of the allegations of the complaint, and may therefore be decided at this juncture." Dkt. # 40 at 3. Plaintiff was given until Monday, July 30, 2018, to respond to the personal

ORDER REGARDING MOTIONS
TO EXTEND TIME

jurisdiction arguments.

On July 17, 2018, plaintiff filed a motion for an extension of time in which to file her second amended complaint. The Court did not immediately rule on that motion, and plaintiff filed her Second Amended Complaint one day after the filing deadline. Defendants filed motions to dismiss within the period allowed for responses under Rule 12. Given the current status of the record, the Court accepts the Second Amended Complaint filed on August 9, 2018 (Dkt. # 52): it is now the operative pleading in this matter. To that extent, plaintiff's motion for an extension of time in which to amend her pleading is GRANTED.

On July 25, 2018, plaintiff filed a motion for leave to take expedited discovery regarding (a) the factual allegations giving rise to her claims and (b) the Court's jurisdiction over defendants Spagnola, Carpenter, Witte, Miller, and Malpasuto. The Supreme Court has made very clear that, at the time a litigant files a lawsuit in federal court, she must know of and adequately allege facts that are sufficient to give rise to a plausible inference that she is entitled to the relief requested in the complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A federal lawsuit cannot be filed based on conclusory statements and unsupported accusations with only a hope that discovery will reveal facts supporting the claims asserted. In ruling on defendants' motions to dismiss under Rule 12(b)(6), the allegations of the Second Amended Complaint will be evaluated to determine whether the claim for relief is plausible and therefore justifies the initiation of discovery: allowing plaintiff to conduct discovery in order to adequately state her claims puts the proverbial cart before the horse. To the extent plaintiff justifies her request for early discovery on a need to obtain "greater clarity of the egregious offenses of the Defendants in this case of racial and disability discrimination" (Dkt. # 42 at 7), the argument fails.

1      Plaintiff also argues that she needs to take discovery in order to respond to defendants' motions to dismiss for lack of personal jurisdiction. Preliminary discovery regarding a defendant's contacts with the forum may, in some instances be warranted. The vast majority of the discovery requests plaintiff has proposed, however, have nothing to do with the individual defendants' contacts with the State of Washington. The very few inquiries that could possibly have some relevance to the personal jurisdiction issues (such as requests for documents regarding visits by sales representatives (Dkt. # 42-1 at 14) and communications about plaintiff or her apartment building (Dkt. #42-1 at 16-17; Dkt. # 42-3 at 2)) are too general to assist plaintiff in responding to the arguments raised by Spagnola, Carpenter, Witte, Miller, and Malpasuto. Thus, even if the Court were inclined to allow jurisdictional discovery at this point in the litigation, the information plaintiff seeks is not relevant to the issues currently before the Court. Plaintiff's request to delay consideration of the personal jurisdiction motions so that she can conduct jurisdictional discovery is therefore DENIED.

     For all of the foregoing reasons, plaintiff's motion for an extension of time in which to amend her complaint (Dkt. # 41) is GRANTED in part and DENIED in part. The motion for leave to conduct early discovery (Dkt. # 42) is DENIED.

Dated this 5th day of September, 2018.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge