UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARON ELAINE BURLESON,

Plaintiff,

v.

SECURITY PROPERTIES
RESIDENTIAL, LLC, *et al.*,

Defendants.

CASE NO. C18-0513RSL

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS TO
DISMISS FOR LACK OF
PERSONAL JURISDICTION

Currently pending before the Court are two motions to dismiss challenging this Court's power to exercise personal jurisdiction over defendants Spagnola, Carpenter, Witte, Miller, and Malpasuto. Dkt. # 31 at 10-14 and Dkt. # 36 at 6-13. Plaintiff has the burden of demonstrating that the Court may exercise personal jurisdiction over each individual defendant. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013). Plaintiff has not provided any evidence regarding defendants' contacts with the State of Washington, so the Court evaluates the uncontroverted allegations of the Second Amended Complaint to determine whether she has properly alleged contacts with the forum such that the individual defendants "should reasonably anticipate being haled into court" here. World-Wide Volkswagon v. Woodson, 444 U.S. 286, 297 (1980); Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir.

2004).

Plaintiff alleges that the owner of her apartment building and the third-party company it used to bill tenants for services charged her excessively high rates for water, sewer, and trash utilities, that the rates she paid were higher than those paid by other tenants, that she is African American and has a left side deficit, and that the excessive charges were motivated by her race and/or disability. The individual defendants are associated with the third-party billing company, American Utility Management, Inc. ("AUM"). Spagnola is an employee in AUM's Illinois offices and is a resident of Illinois. She communicated with plaintiff and the property manager on a number of occasions regarding plaintiff's objections to the charges and requests for information regarding how her utility bills were calculated each month. Carpenter, Witte, Miller, and Malpasuto are officers of AUM. All reside in Illinois. Plaintiff does not allege that she had any contact with these defendants. The only allegations against them are that, as officers of AUM, they must have registered AUM to do business in Washington, they must have designed and provided content for AUM's website which can be seen by Washington residents, and they must have directed AUM's methodology for allocating utility costs to individual tenants and are therefore responsible for the overcharges of which she complains.

Pursuant to Fed. R. Civ. P. 4(k)(1)(A), federal courts ordinarily follow state law when determining the extent to which they can exercise jurisdiction over a person. Daimler AG v. Bauman, 571 U.S. 117, 125 (2014). The Washington Supreme Court has held that, despite the rather narrow language used in Washington's long-arm statute, RCW 4.28.185, the statute "extends jurisdiction to the limit of federal due process." Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989). The Court therefore need

determine only whether the exercise of jurisdiction comports with federal constitutional requirements. Easter v. Am. W. Fin., 381 F.3d 948, 960 (9th Cir. 2004).

In order to justify the exercise of jurisdiction over a non-resident under the federal constitution, plaintiff must show that the individual defendants had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Two different categories of personal jurisdiction have developed, namely "general jurisdiction" and "specific jurisdiction." "A court may assert general jurisdiction over foreign (sister-state or foreign-country) [defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting Int'l Shoe, 326 U.S. at 317). Specific jurisdiction, on the other hand, "focuses on the relationship among the defendant, the forum, and the litigation" and exists when "the defendant's suit-related conduct [creates] a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 283-84 (2014) (internal quotation marks and citations omitted). Plaintiff has not made any allegations that could support the imposition of general jurisdiction, so the Court must determine whether it can assert specific jurisdiction over the individual defendants in this case.

The state's authority to bind a non-resident defendant is justified only if there is a sufficient connection between the defendant, the forum, and the cause of action. Helicopteros Nacionales de Columbia, SA v. Hall, 466 U.S. 408, 413-14 (1984). The Ninth Circuit applies a three-prong test when determining whether to exercise specific

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS TO
DISMISS FOR LACK OF
PERSONAL JURISDICTION

-3-

jurisdiction over a non-resident:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Although not entirely clear from the Second Amended Complaint or her memorandum, it appears that plaintiff is arguing that the individual defendants purposefully directed[1] their activities at Washington.

Plaintiff has not identified any conduct on the part of Carpenter, Witte, Miller or Malpasuto that was directed at a resident of Washington. Although AUM may be subject to this Court's jurisdiction in light of its on-going contracts and obligations toward Washington residents, its contacts cannot be imputed to its officers, agents, or employees who did not participate in the alleged wrongful conduct. Plaintiff must show - or at least allege - that each named defendant had minimum contacts with the forum state before they can be haled into court here. The only conduct alleged against Carpenter, Witte, Miller, or Malpasuto that might constitute an act or transaction aimed

---

[1] The allegations do not support the exercise of jurisdiction based on the separate purposeful availment theory. Defendants' - as opposed to AUM's - conduct and communications were not made in Washington, did not create a continuing relationship between themselves and a forum resident, conferred no benefit, privilege, or protection on themselves under Washington law, and were not subject to the state's regulation.

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS TO
DISMISS FOR LACK OF
PERSONAL JURISDICTION

at the forum state is the registration of AUM to do business in Washington and the design and content of a website accessible in Washington.[2] Even if that conduct satisfied the first element of the three-prong test, registering a corporation and/or designing a website did not give rise to plaintiff's claims of racial and disability discrimination. Thus, plaintiff has not met her burden of showing that these defendants directed their acts toward Washington and that those acts gave rise to her causes of action.

With regards to Spagnola, plaintiff alleges that Spagnola communicated with both plaintiff and the property manager of her building on numerous occasions regarding plaintiff's objections to the excessive and discriminatory utility rates. As the point person for contact between AUM and its clients, it is reasonable to infer that Spagnola was aware of the location of the building and that she was communicating with residents of the forum. Plaintiff's claims arise in part out of those communications insofar as Spagnola refused to provide a monthly calculation of the utility bills, took no steps to remedy the excessive charges, and/or furthered the discriminatory billing practices of which plaintiff complains. Spagnola argues that she cannot be held liable or subjected to the Court's jurisdiction because all of her actions were taken within the scope of her employment with AUM. Corporate employment is not a shield to personal wrongdoing, however. The fact that a corporation's wrongful acts will not automatically be imputed to its officers, directors, agents, or employees does not mean that the individuals who actually participated in the wrong cannot be haled into court to answer

---

[2] Most courts that have considered this issue have determined that maintaining a webpage on the internet does not subject the owner of the website to personal jurisdiction in every state where the website is accessible. Something more is needed before a website that can be accessed from anywhere will be considered "purposeful direction" at a particular forum. See, e.g., Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1156-58 (9th Cir. 2006) (holding that "something more" than an internet domain name and passive website are necessary to subject a party to jurisdiction).

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS TO
DISMISS FOR LACK OF
PERSONAL JURISDICTION

for those wrongs. <u>Perkumpulan Investor Crisis Center Dressel-WBG v. Regal Fin. Bancorp, Inc.</u>, 781 F. Supp.2d 1098, 1117 (W.D. Wash. 2011).

For all of the foregoing reasons, Spagnola, Carpenter, and Witte's motion to dismiss for lack of personal jurisdiction (Dkt. # 31 at 10-14) is GRANTED as to Carpenter and Witte and DENIED as to Spagnola. Miller and Malpasuto's motion to dismiss for lack of personal jurisdiction (Dkt. # 36 at 6-13) is GRANTED.

Dated this 5th day of September, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge