UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARON ELAINE BURLESON,

    Plaintiff,

v.

SECURITY PROPERTIES
RESIDENTIAL, LLC, *et al.*,

    Defendants.

CASE NO. C18-0513RSL

ORDER DENYING
PLAINTIFF'S MOTION TO
AMEND

This lawsuit was filed in April 2018. In her Second Amended Complaint, plaintiff alleges that she is African-American with "a left-side deficit" and that she has been charged over the course of her tenancy at Angeline Apartments "excessively and inordinately, higher rates for water, sewer, and trash services than other tenants that reside/resided at the apartment complex." Dkt. # 52 at 9. She disputed the bills, but was stymied in her efforts to ascertain how her bills were calculated because the billing company, American Utility Management, Inc. ("AUM"), refused to provide her with her individual usage, which plaintiff believes is a violation of Seattle Municipal Code ("SMC") 7.25. Plaintiff alleges that the excessive billing and refusal to provide relevant information were discriminatory and arose out of a civil conspiracy between the owner of the apartment building, the billing company, and two employees of the corporate

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

defendants.

On January 2, 2019, the Court dismissed all of plaintiff's claims except her Title VIII Fair Housing Act claim. Because some of the dismissed claims might be saved by further amendment, the Court gave plaintiff until February 5, 2019, to "file a motion to amend and attach a proposed third amended complaint for the Court's consideration" if she believed she could, consistent with her obligations under Fed. R. Civ. P. 11, amend her complaint for a fourth time to remedy the identified pleading and legal deficiencies. Dkt. # 73 at 11; Dkt. # 79 at 1.

On February 5th, plaintiff timely filed a "Proposed Third Amended Complaint" with a footer and docket entry indicating that the document was a motion. The motion/proposed pleading was noted on the Court's calendar for consideration on the third Friday after filing. Dkt. # 80. Defendants' procedural objections to the fact that plaintiff did not file a separate motion and proposed pleading are overruled.

Having reviewed plaintiff's proposed third amended complaint and the defendants' responses thereto, the Court finds as follows:

The proposed pleading contains claims under Section 1983 (for violations of the Fourteenth Amendment), Section 1985, Title VIII Fair Housing Act, antitrust laws, and Title VI of the Civil Rights Act of 1964. Plaintiff's Fair Housing Act claim was adequately pled in the Second Amended Complaint and need not be restated in an amended pleading. Plaintiff's proposed Section 1983 and antitrust claims are futile, however, in that they would be subject to immediate dismissal for the reasons stated in the Order Regarding Pending Motions (Dkt. # 73). With regards to the newly-asserted Section 1985 claim, plaintiff was not invited to add any new claims when the Court

extended the time in which she could seek to amend her complaint. She has not shown why she delayed so long in asserting a claim under Section 1985 when her previously-asserted state law conspiracy claim was part of the lawsuit from the beginning. In addition, her allegations of an agreement among the co-conspirators are conclusory and in some ways belied by her other allegations.

Finally, with regards to the Title VI claim, plaintiff seeks to add allegations of financial assistance in the form of the City of Seattle's Multi-Family Tax Exemption housing program and references to a Department of Justice guidance document. These additions are insufficient to raise a plausible claim for relief under Title VI. The financial benefits are, as plaintiff acknowledges, coming from the City of Seattle, rather than the federal government. In addition, the guidance document plaintiff attached to her proposed pleading clearly states that "[t]ypical tax benefits, tax exemptions, tax deductions, and most tax credits are not considered federal financial assistance" for purposes of Title VI. Dkt. # 80-2 at 7.

For all of the foregoing reasons, plaintiff's motion for leave to amend her complaint (Dkt. # 80) is DENIED. The Fair Housing Act claim set forth in the Second Amended Complaint (Dkt. # 52) against defendants Security Properties Residential, LLC, Amy Simpson, American Utility Management, Inc., and Jennifer Spagnola is the only claim remaining in this litigation.

Dated this 26th day of March, 2019.

*MrS S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND
-3-