UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON ELAINE BURLESON,<br><br>  Plaintiff,<br><br>  v.<br><br>SECURITY PROPERTIES<br>RESIDENTIAL, LLC, *et al.*,<br><br>  Defendants. | CASE NO. C18-0513RSL[1]<br><br>ORDER DENYING<br>PLAINTIFF'S MOTION TO<br>COMPEL AND FOR<br>SANCTIONS |

This matter comes before the Court on plaintiff's "Motion to Compel Discovery and for Sanctions." Dkt. # 122. Plaintiff argues, without providing a copy of the discovery requests or defendant's responses, that defendant Security Properties Residential, LLC, provided evasive, incomplete, and general responses to nineteen interrogatories. Because plaintiff did not make a good faith effort to confer with defendant regarding this dispute prior to filing its motion, the motion to compel is DENIED.

The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Local Civil

---

[1] Plaintiff is requested to use a form of caption that is similar to the one included in this order, which takes up half a page and provides all of the information necessary for the parties and Court staff. It is not necessary to separately identify each party, to state whether a jury trial has been requested, and to provide the jurisdictional basis for the suit in each filing.

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION

Rule 37(a)(1)(A) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rule would have involved face-to-face or telephonic communications regarding the relevance of the information plaintiff requests (*i.e.*, why she needs the information to prove her Fair Housing Act claim) and the nature of and justifications for defendant's objections. That did not happen. In filing this motion, plaintiff relied on an email demanding supplementation and putting the onus on defendant to contact her if defendant thought further discussion would be helpful. This is plainly insufficient. Plaintiff, as the moving party, must confirm that the parties have reached an impasse on every issue that is brought before the Court. Inquiring whether defendant would like to continue discussing perceived shortcomings in the production and threatening - then filing - a motion to compel cuts short any opportunity the parties had to resolve this dispute without Court intervention. The motion to compel is therefore DENIED.[2]

Dated this 19th day of June, 2020.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] Plaintiff's request for sanctions under Rule 11 is denied as procedurally improper and substantively unsupported.

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION
-2-