1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARON ELAINE BURLESON,

Plaintiff,

v.

SECURITY PROPERTIES
RESIDENTIAL, LLC, *et al.*,

Defendants.

CASE NO.  C18-0513RSL

ORDER DENYING MOTION
TO DEEM ADMITTED AND
CROSS-MOTION FOR
SANCTIONS

This matter comes before the Court on "Defendants Security Properties Residential, LLC's and Amy Simpson's *Unopposed* Motion to Deem Answers to Requests for Admission Admitted" (Dkt. # 159 (emphasis in original)) and plaintiff's request to strike and/or quash the motion and award sanctions under Federal Rule of Civil Procedure 11 (Dkt. # 164). On December 11, 2020, the Court overruled plaintiff's objections to the requests for admission served by defendants Security Properties Residential, LLC, and Amy Simpson and ordered her to substantively respond within twenty one days. Plaintiff was warned that a failure to respond within the time allowed could result in the requests for admission being deemed admitted. Dkt. # 152 at 2.

Plaintiff timely supplemented her discovery responses. Dkt. # 155. On January 15, 2021, defense counsel, John Kreutzer, contacted plaintiff to schedule a conference

ORDER DENYING MOTION TO
DEEM ADMITTED AND CROSS-
MOTION FOR SANCTIONS

1  regarding defendants' intent to file a motion to have the requests for admission deemed

2  admitted. Dkt. # 160-1 at 7. Mr. Kreutzer again requested a conference regarding the

3  requests for admission on January 20, 2021. Dkt. # 160-1 at 2. Plaintiff responded, in

4  relevant part, "[u]nless the Fed. R. Civ. P. specify otherwise, you have my permission to

5  go ahead and deem my discovery responses to your discovery requests DEEMED

6  ADMITTED." *Id.* Shortly thereafter, defendants filed a motion to deem their discovery

7  requests admitted, noting that the motion was unopposed and attaching the relevant

8  email strings. Defendants also argued that requests for admission 2-10 should be

9  deemed admitted because plaintiff failed to substantively respond, instead interposing a

10  new and untimely objection that the "[i]nquiry calls for Plaintiff to speculate about facts

11  unknown or issues still in dispute." Dkt. # 155 at 37-39.

12       On or about January 25, 2021, plaintiff notified Mr. Kreutzer that she had

13  misstated her intentions and that she meant to say that Mr. Kreutzer did not have her

14  permission to deem the requests for admission admitted. Dkt. # 164 at 5. Defendants

15  immediately filed a notice alerting the Court to the fact that their motion was, in fact,

16  opposed. Dkt. # 163. Plaintiff, not satisfied, filed a responsive cross-motion in which

17  she argues that defendants and their counsel perjured themselves when they stated

18  (a) that they had conferred with plaintiff and (b) that plaintiff had conceded that the

19  requests for admission were admitted. Plaintiff insists that these assertions were false

20  because, after receiving her written communication consenting to have the requests

21  deemed admitted, Mr. Kreutzer should have again contacted her "to confirm the matter."

22  Dkt. # 164 at 7. Plaintiff argues that defendants' motion was presented for an improper

23  purpose and seeks to have the motion stricken and have Mr. Kreutzer and his clients,

24  Security Properties Residential, LLC, and Amy Simpson, sanctioned in the amount of

25

26  ORDER DENYING MOTION TO
    DEEM ADMITTED AND CROSS-
    MOTION FOR SANCTIONS          -2-

1    $5,000 each under Rule 11. Dkt. # 164 at 7-9.

2       Plaintiff's request for sanctions is procedurally defective. A motion under Rule

3 11 cannot be filed until twenty-one days after it is served on the offending party, giving

4 that party an opportunity to withdraw the challenged contention. Fed. R. Civ. P.

5 11(c)(2). Plaintiff filed her motion only two days after notifying defendants that they had

6 misstated her true (but previously undisclosed) intentions, and one day after they

7 notified the Court that their motion was, in fact, opposed. The request for sanctions was

8 therefore premature and must be denied.

9       Plaintiff has failed to respond to defendants' arguments that she waived any

10 objections that were not raised by the September 1, 2020, response deadline and that she

11 failed to substantively respond to requests for admission 2-10 as directed by the Court.

12 Nevertheless, the issue is not as clear cut as defendants suggest. Under Federal Rule of

13 Civil Procedure 36(a)(4), substantive answers to requests for admission can take the

14 form of an admission, a denial, or a detailed statement "why the answering party cannot

15 truthfully admit or deny." The answering party may assert a lack of knowledge or

16 information as to the truth of the matter that is the subject of the request for admission.

17 Thus, to the extent plaintiff asserts that she does not have sufficient facts to determine

18 whether a particular request for admission is true or false, the response is not an

19 objection and satisfies the Court's directive to substantively respond to the discovery

20 requests.[1]

21

22 _____

23     [1] Defendants have not argued, and the Court has not considered, whether plaintiffs' responses to requests for admission 2-10 satisfy all of the requirements of Rule 36(a)(4).

24 Generally a lack-of-knowledge response must contain a statement that the answering party made a reasonable effort to obtain the information needed to truthfully admit or deny the matter and must fairly and specifically respond to the substance of the inquiries.

25

26 ORDER DENYING MOTION TO
DEEM ADMITTED AND CROSS-
MOTION FOR SANCTIONS      -3-

1          For all of the foregoing reasons, defendants' motion to have the requests for

2    admission deemed admitted (Dkt. # 159) and plaintiff's motion for sanctions (Dkt.

3    # 164) are DENIED.

4

5          Dated this 10th day of February, 2021.

6                                    _____

                                     Robert S. Lasnik

7                                       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER DENYING MOTION TO
    DEEM ADMITTED AND CROSS-
    MOTION FOR SANCTIONS        -4-