UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARON ELAINE BURLESON,

    Plaintiff,

v.

SECURITY PROPERTIES RESIDENTIAL, LLC, *et al.*,

    Defendants.

CASE NO. C18-0513RSL

ORDER DENYING PLAINTIFFS' MOTION TO CONTINUE CASE MANAGEMENT DEADLINES

    This matter comes before the Court on plaintiff's motion to continue the case management deadlines in the above-captioned matter. Dkt. # 162. On December 11, 2020, the Court overruled plaintiff's objections to discovery requests served by defendants and ordered her to substantively respond. Defendants were given an opportunity to review plaintiff's supplemental responses and depose plaintiff, at their option. A new case management order was issued, but the Court expressly stated that "[n]o additional discovery other than that discussed in [the December 11th] Order is permitted." Dkt. # 152 at 3.

    Plaintiff seeks an extension of the discovery deadline because she has been experiencing severe swelling in her feet since the Court issued the Second Amended Order Setting Trial Date & Related Dates. Plaintiff timely supplemented her discovery

ORDER DENYING PLAINTIFF'S MOTION
TO CONTINUE DEADLINES

responses, however, and does not explain how her medical condition impeded her ability to comply with the obligations imposed by the December 11th Order. Rather, it appears that plaintiff intends to serve new discovery requests on defendants, requests that are in no way authorized by the Court's December 11th Order. Discovery was to be completed by November 1, 2020. Dkt. # 119. Although defendants obtained an extension of that deadline for the limited purpose of following up on plaintiff's supplemental responses, all other discovery was to have been completed more than three months ago.

Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

Plaintiff has not shown that she was diligent in her discovery efforts prior to November 1, 2020. There is no explanation for her failure to timely serve the discovery

ORDER DENYING PLAINTIFF'S MOTION
TO CONTINUE DEADLINES                    -2-

she now deems necessary, nor is there any indication that her current medical issues impeded her ability to timely serve or follow-up on discovery under the schedule established by the Court. For all of the foregoing reasons, plaintiff's motion to extend the case management deadlines (Dkt. # 162) is DENIED.

Dated this 10th day of February, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
TO CONTINUE DEADLINES                    -3-